IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Rogelio Montoya, et al.,<br><br>      Plaintiffs,<br>  v.<br><br>Countrywide Bank, F.S.B., et al.,<br><br>      Defendants. | NO. C 09-00641 JW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO EXPUNGE PLAINTIFFS' NOTICE OF WITHDRAWAL AND DISSOLVING THE FEBRUARY 2, 2009 TEMPORARY RESTRAINING ORDER** |

Presently before the Court is Defendants' Motion to Expunge Notice of Withdrawal, Dissolve Temporary Restraining Order, and Deny Preliminary Injunction. (hereafter, "Motion," Docket Item No. 15.) Defendants seek an order expunging a Notice of Withdrawal of Defendants' Notice of Default and Notice of Trustee's Sale filed with the Monterey County Recorder on March 3, 2009, dissolving the Temporary Restraining Order ("TRO") issued on February 2, 2009 and denying the request for preliminary injunction filed by Plaintiffs in state court before this action was removed.[1]

The Court finds it appropriate to take the matter under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court GRANTS Defendants' Motion to Expunge Notice of Withdrawal and to Dissolve Temporary Restraining Order.

---

[1] Plaintiffs have not noticed a motion for preliminary injunction since this case was removed on February 12, 2009. Further, as discussed below, the Court granted Defendants' Motion to Dismiss Plaintiffs' Amended Complaint on June 25, 2009. (See Docket Item No. 49.) Thus, to the extent that there is an outstanding Motion for Preliminary Injunction by Plaintiffs, that Motion is DENIED as moot.

### A.  **Background**

On September 3, 2008, Defendant Recontrust Company ("Recontrust") recorded a Notice of Default with the Monterey County Recorder due to Plaintiffs' failure to make payments on their home.[2] On January 13, 2009, Recontrust filed a Notice of Trustee's Sale.  (RJN, Ex. D.)  On January 30, 2009, Plaintiffs filed this law suit in Monterey County Superior Court.  (See Docket Item No. 1.)  On February 2, 2009, the Superior Court entered a TRO staying the non-judicial foreclosure and setting a hearing for February 13, 2009 on an Order to Show Cause Re Preliminary Injunction.  (RJN, Ex. E, attached to Notice of Withdrawal as Ex. A, hereafter, "TRO.")

On February 12, 2009, Defendants removed the action to federal court under 28 U.S.C. § 1446(b).  (See Docket Item No. 1.)  On March 3, 2009, pursuant to the February 2, 2009 TRO, counsel for Plaintiffs recorded a Notice of Withdrawal, recording notice that the September 3, 2008 Notice of Default and January 13, 2009 Notice of Trustee's Sale are "withdrawn, rescinded, rendered null and void and of no further force or effect."  (RJN, Ex. E.)  On March 25, 2009, Plaintiffs filed an amended complaint.  (See Docket Item No. 19.)  On June 25, 2009, the Court dismissed Plaintiffs' amended complaint with leave to amend.  (See Docket Item No. 49.)

### B.  **Discussion**

Defendants move to expunge Plaintiffs' Notice of Withdrawal on the ground that, *inter alia*, it was recorded after the TRO expired and is therefore void.  (Motion at 4-5.)  Plaintiffs contend that the timing of the Notice of Withdrawal is irrelevant because, in issuing the TRO, the state court determined that "[t]he Notice of Default and Notice of Sale shall be rescinded and/or cancelled and be of no legal effect."  (Plaintiffs' Opposition to Defendants' Motion to Expunge Notice of Withdrawal at 4, Docket Item No. 41; TRO at 2.)

Injunctive orders issued by a state court prior to removal "remain in full force and effect until dissolved or modified by the district court."  28 U.S.C. § 1450.  Specifically, TRO entered prior to

---

[2] (Request for Judicial Notice in Support of Motion to Expunge Notice of Withdrawal, Dissolve Temporary Restraining Order, and to Denying Preliminary Injunction, Ex. C, hereafter, "RJN," Docket Item No. 16.)

2

removal remains in effect and is governed by Fed. R. Civ. P. 65 from the date of removal. Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers, Local No. 70, 415 U.S. 423, 438 (1974). Thus, unless a TRO is extended, it expires no later than 10 days after the date of removal. Fed. R. Civ. P. 65(b)(2); Granny Goose Foods, Inc., 415 U.S. at 440 n.15.

Under California law, a county recorder shall accept for recordation "any instrument, paper, or notice that is authorized or required by statute or court order to be recorded." Cal. Gov't Code § 2701. However, "[a]n instrument that is void *ab initio* is comparable to a blank piece of paper and so necessarily derives no validity from the mere fact that it is recorded." City of Los Angeles v. Morgan, 105 Cal. App. 2d 726, 733 (1951). Invalid documents are, therefore, "not entitled to be recorded, but if they are recorded, they do not give constructive notice." Id.

Here, Defendants removed this action on February 12, 2009, causing the TRO to expire 10 days later on February 23, 2009 pursuant to Fed. R. Civ. P. 65(b). (TRO at 2-3.) However, Plaintiffs did not record the Notice of Withdrawal until March 3, 2009. (RJN, Ex. E.) Since the TRO had expired when the Notice of Withdrawal was filed, the Court finds that the Notice of Withdrawal was not based on any existing legal authority, and was therefore void. Although the language of the TRO states that the Notice of Default and Notice of Trustee's Sale "shall be rescinded and/or cancelled," the TRO expressly stated that it was *staying* the non-judicial foreclosure sale of Plaintiffs' property, not making a final adjudication on the merits of Plaintiffs' claims. (TRO at 2.) Moreover, the purpose of a TRO is to preserve the status quo, not to render an adjudication on the merits of a claim. Granny Goose Foods, Inc., 415 U.S. at 439. Thus, once the TRO expired, Plaintiffs had no authority under which they could have properly withdrawn the Notice of Default and Notice of Trustee's Sale.

Accordingly, the Court GRANTS Defendants' Motion to Expunge Notice of Withdrawal. In addition, since the TRO expired on February 23, 2009 pursuant to Fed. R. Civ. P. 65(b), and Plaintiffs failed to seek an extension or a Preliminary Injunction once the case was removed to this Court, the Court ORDERS that the TRO issued on February 2, 2009 by the state court be dissolved.

Defendants may present a certified copy of this Order to have the Notice of Withdrawal removed by the county reorder.

Dated: July 8, 2009

JAMES WARE
United States District Judge

**United States District Court**
For the Northern District of California

1 **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2 Andrew Weiss Noble awn@severson.com
Jon David Ives jdi@severson.com
3 Lawrence Pedro Ramirez lpramirez@thellg.com
Mark Joseph Kenney mjk@severson.com
4

5
**Dated: July 8, 2009**                                         **Richard W. Wieking, Clerk**
6

7                                                               **By:   /s/ JW Chambers**
                                                                     **Elizabeth Garcia**
8                                                                    **Courtroom Deputy**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28